

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LILLIAN I. COFFMAN<br>824 Excelsior Avenue<br>Croydon, PA 19021<br><br>            Plaintiff<br><br>v.<br><br>ASSET ACCEPTANCE, LLC<br>28405 Van Dyke Avenue<br>Warren, MI 48090<br><br>            Defendant | No.: **14 3108**<br><br>Jury Trial Demanded |

## COMPLAINT

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. Section 2270.1 et seq. (hereafter "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection law, 73 P.S. Section 201-1, et seq. (hereafter "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive and unfair collection practices.

### JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made

part of this complaint.

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Venue is proper in accordance with 28 U.S.C. Section 1391(b).

4. Defendant obtains the benefit(s) of regularly transacting business in Bucks County, in the Commonwealth of Pennsylvania.

5. Defendant regularly transacts business in Bucks County, in the Commonwealth Pennsylvania.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

7. Plaintiff is Lillian I. Coffman, an adult individual, (hereinafter "Plaintiff") with a current address of 824 Excelsior Avenue, Croydon, PA 19021.

8. Defendant(s) is Asset Acceptance, LLC (hereafter "Defendant") a business engaged in consumer debt collection with a principle place of business located at 28405 Van Dyke Avenue, Warren, MI 48090.

## FACTUAL BACKGROUND

9. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

10. On or about years 2008-2010, Plaintiff had a consumer account with Bank of America/FIA Card Services (hereinafter "BOA" account) with an account number of 549035599915***.

11. Plaintiff's said account was a consumer account which was used for personal, family and household purposes.

12. On or about June 2010 , BOA charged off the balance of Plaintiff's account number 549035599915*** for the amount of $5,422.00. On or about September 2012 Defendant purchased and acquired said account from BOA.

14. On or about September 2012, when Defendant acquired the account, Defendant added on interest to the account to bring the opening balance of the account when placed with Defendant to a total of $5,975.00 (Equifax and Trans Union). (See attached credit reports, Exhibit "A.")

15. Defendant stated on said Credit Reports Equifax and Trans Union, that Plaintiff owes the $5,975.00 balance (Equifax) and $5,969.00 balance (Trans Union) regarding said BOA account. Further, it is believed and therefore averred that during the past 365 days, on a monthly basis, Defendant reported and continues to report said balances as owing regarding said BOA account on said credit reports. (See attached Credit Reports, Exhibit "A.")

16. It is believed and therefore averred that this interest demand is an intentional misstatement of any amount which could allegedly be owed by Plaintiff to Defendant.

17. It is further believed and therefore averred that upon charge-off, the original Creditor (BOA bank) waived the assessment of further interest on the account, and stopped sending monthly statement to Plaintiff which notified Plaintiff of any interest.

See <u>McDonald v. Asset Acceeptance, LLC</u>, U.S. District Court for the Eastern District of Michigan, Case No.: 11-cv-13080 (2013) and <u>Simkus v. Cavalry Portfolio</u>, Case No.:11-cv-7425, U.S. District Court for the Northern District of Illinois (2012).

18. As interest was waived at charge-off by the original Creditor (BOA), Defendant did <u>not</u> acquire the right(s) to assess contractual rate interest beyond charge-off for the period between charge-off and Defendant's acquisition of the account.

19. As interest was waived at charge-off by the original Creditor, Defendant did <u>not</u> acquire the right(s) to assess contractual rate interest even subsequent to its acquisition of the account. See <u>McDonald v. Asset Acceeptance, LLC</u>, U.S. District Court for the Eastern District of Michgan, Case No.: 11-cv-13080 (2013) and <u>Simkus v. Cavalry Portfolio</u>, Case No.:11-cv-7425, U.S. District Court for the Northern District of Illinois (2012).

20. By application of the Doctrine of Waiver, any demand for contractual interest misstated any amount allegedly due and owing on the account.

21. Defendant retroactively imposed interest which the original Creditor waived.

22. The retroactive addition of interest by Defendant, which the original Creditor waived is improper. An assignee steps into the shoes of the assignor as of the date the assignor sells the account, and does not have the right to retroactively reverse the assignor's business decision to not charge interest during a period when the assignee did not hold or own the account.

23. "The rule is that an assignee of a contract takes it subject to the defenses which existed against the assignor at the time of assignment." <u>Allis-Chalmers Credit Corp. v. McCormick</u>, 30 Ill. App.3d 423, 331 N.E. 2d 832, 833 (4th Dist. 1975). <u>Accord</u>

Montgomery Ward & Co. v. Wetzel, 98 Ill. App. 3d 243, 423 N.E. 1170, 1175, 53 Ill. Dec. 366 (1st Dist. 1981) ("the assignee thus takes the assignor's interest subject to all legal and equitable defenses existing at the time of assignment").

24. When Defendant retroactively imposed interest, which the original Creditor waived, Defendant misstated the amount of the alleged debt and also attempted to collect an amount which Defendant was not legally allowed to collect, in violation of 15 U.S.C. Section 1692e *et seq.* and 15 U.S.C. 1692f *et seq.* of the FDCPA.

25. Defendant knew or should have known that its actions violated the FDCPA and could have brought its actions within compliance of the FDCPA, but failed to do so.

26 At all times material hereto the conduct of Defendant as well as its agents, servants and/or employees was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff.

## STANDING

27. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

28. Plaintiff has standing to bring this action per 15 U.S.C. Section 1692k, because Plaintiff was affected by Defendant's unlawful debt collection activity.

29. The three basis components of standing under Article III of the U.S. Constitution are present in this case, "injury, causation and redressability." See Foundation, Inc. v Obama, 641 F.3d 803, 805 (7th Cir. 2011).

30. Plaintiff suffered an injury because of the harm to his/her consumer credit report which was caused by the misconduct described in this Complaint.

31. Plaintiff suffered an injury because his rights under the FDCPA were compromised.

32. This action is intended by Plaintiff to redress such harm upon a favorable verdict or settlement of the case.

33. Plaintiff need not quantify the amount of the harm or injury suffered in order to establish standing under Article III of the Constitution.

34. Plaintiff need not establish a dollar value of the amount of the harm or injury suffered in order to establish standing under Article III of the Constitution.

35. Plaintiff need not prove actual damages with regard to the harm or injury suffered in order to establish standing under Article III of the Constitution.

## COUNT I
## VIOLATION OF THE FDCPA
## 15 USC 1692 et. seq.

36. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

37. Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692a(3).

38. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692a(6).

39. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt" against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. Section 1692a(2) and 1692a(5).

40. Defendant violated the FDCPA, 15 U.S.C Sections, 1692d, 1692e, 1692e(2), 1692e(10), 1692f and in the following manner:

      (a)    Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

      (b)    False representation of the amount of the debt;

      (c)    Attempting to collect an amount which Defendant was not legally allowed to collect;

      (d)    Using false representation, unfair, deceptive or unconscionable means to collect or attempt to collect a debt which is not authorized by law.

41. Defendant engaged in per se violations of the FDCPA, 15 U.S.C. Sections 1692d, 1692e and 1692f.

42. The FDCPA is a strict liability statue and "because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

43. Defendant's actions and/or omissions as described above were malicious, intentional, willful, wanton, reckless and negligent against Plaintiff.

44. Plaintiff was distressed and suffered from embarrassment, stress and anxiety.

45. Defendant is liable for the acts committed by its agents under the doctrine of respondent superior because Defendant's agents were acting within the scope of their employment with Defendant.

46. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents /

employees were engaged in a joint venture and were acting jointly and in concert.

47. Plaintiff reserves the right to pierce the corporate veil under the doctrines of under-capitalization and/or alter ego.

48. Any mistake made by Defendant would have included a mistake of Law.

49. Any mistake made by Defendant would not have been a reasonable or bona fide Mistake.

50. As a result of the above violation of the FDCPA, Plaintiff has suffered losses entitling Plaintiff to statutory, actual and punitive damages and attorney's fees and costs.

## COUNT II
## VIOLATION OF THE FCEUA AND UTPCPL

51. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

52. Defendant is a "debt collector" pursuant to 73 P.S. Section 2271.3 of the FCEUA.

53. Plaintiff is a "debtor" pursuant to 73 P.S. Section 2271.3 of the FCEUA.

54. The above contacts by Defendant are "communications" relating to a "debt" pursuant to 73 P.S. Section 2271.3 of the FCEUA.

55. Defendant engaged in unfair methods of competition and unfair and/or deceptive acts or practices pursuant to the UTPCPL, by attempting to collect the debts in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to violations of 73 P.S. Section 2270.4(a) as follows:

  (a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

  (b) Attempting to collect an amount which Defendant was not legally allowed to collect;

  (c) False representation of the amount of the debt;

  (d) Using false representation, unfair, deceptive or unconscionable means to collect or attempt to collect a debt which is not authorized by law.

56. Defendant's actions and/or omissions as described above were malicious, intentional, willful, wanton, reckless and negligent against Plaintiff.

57. As a result of the above violation of the FDCPA, Plaintiff has suffered losses entitling Plaintiff to statutory, actual and punitive damages and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the following relief be granted:

  (a) Actual damages;

  (b) Statutory Damages ;

  (c) Punitive Damages;

  (d) Costs and reasonable Attorneys' fees; and

  (e) All other relief that the Court deems just and proper.

Respectfully Submitted,
**BLITSHTEIN & WEISS, P.C.**

By: _____
Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Fax (215)364-8050
Attorneys for Plaintiff

Date: 5/30/2014

### Credit Account Information
(For your security, the last 4 digits of account number(s) have been replaced by *) (This section includes open and closed accounts reported by credit grantors)

**Account Column Title Descriptions:**

| | |
|---|---|
| Account Number - The Account number reported by credit grantor<br>Date Acct. Opened - The Date that the credit grantor opened the account<br>High Credit - The Highest Amount Charged<br>Credit Limit - The Highest Amount Permitted<br>Terms Duration - The Number of Installments or Payments<br>Terms Frequency - The Scheduled Time Between Payments<br>Months Reviewed - The Number of Months Reviewed<br>Activity Designator - The Most Recent Account Activity<br>Creditor Class - The Type of Company Reporting The Account<br>Date Reported - Date of Last Reported Update<br>Balance Amount - The Total Amount Owed as of the Date Reported<br>Status - Condition of Account When Last Updated by Creditor or Otherwise | Amount Past Due - The Amount Past Due as of the Date Reported<br>Date of Last Paymnt - The Date of Last Payment<br>Actual Pay Amt - The Actual Amount of Last Payment<br>Sched Pay Amt - The Requested Amount of Last Payment<br>Date of 1st Delinquency - The Date of First Delinquency<br>Date of Last Actvty - The Date of the Last Account Activity<br>Date Maj Delq Rptd - The Date the 1st Major Delinquency Was Reported<br>Charge Off Amt - The Amount Charged Off by Creditor<br>Deferred Pay Date - The 1st Payment Due Date for Deferred Loans<br>Balloon Pay Amt - The Amount of Final(Balloon) Payment<br>Balloon Pay Date - The Date of Final(Balloon) Payment<br>Date Closed - The Date the Account was Closed |

| Account History Status Code Descriptions | 1 : 30-59 Days Past Due<br>2 : 60-89 Days Past Due<br>3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due<br>6 : 180 or More Days Past Due<br>G : Collection Account<br>H : Foreclosure | J : Voluntary Surrender<br>K : Repossession<br>L : Charge Off |
|---|---|---|---|

**Asset Acceptance Corp.** Asset Acceptance, Llc PO Box 2036 Warren MI 48090-2036 : (800) 614-4730

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| FIA CARD-*2276* | 09/01/2012 | $5,422 | | | | 19 | | Retail |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/16/2014 | $5,975 | $5,975 | | | | 01/2010 | | 10/2012 | | | | | |

Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Collection Account;

**Historical Account Information**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 04/14 | $5,957 | | | | $5,422 | | $5,957 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | | |
| 03/14 | $5,925 | | | | $5,422 | | $5,925 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | | |
| 02/14 | $5,888 | | | | $5,422 | | $5,888 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | | |
| 01/14 | $5,875 | | | | $5,422 | | $5,875 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | | |

( Continued On Next Page )   Page 4 of 42   4141038201IVW-001653808- 1006 - 5374 - ASD

Exhibit "A"

| Historical Account Information | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
| 11/12 | $5,497 | | | | $5,422 | | $5,497 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | | |
| 10/12 | $5,472 | | | | $5,422 | | $5,472 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | | |

**Bank of America    PO Box 982235 El Paso TX 79998-2235**

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 549035599915* | 02/11/2008 | | $0 | | Monthly | 53 | | Transfer/Sold |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/28/2012 | $0 | | 10/2009 | | | 01/2010 | | 06/2010 | $5,422 | | | | |

Status - Charge Off; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account; ADDITIONAL INFORMATION - Account Transferred or Sold; Charged Off Account;

Account History with Status Codes:
| 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 | 01/2010 |
|---|---|---|---|---|---|
| L | 5 | 4 | 3 | 2 | 1 |

**Barclays Bank Delaware    PO Box 8803 Wilmington DE 19899-8803 : (866) 370-5931**

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 2586896* | 02/11/2006 | $1,295 | $1,250 | | Monthly | 99 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/07/2014 | $1,222 | | 05/2014 | $50 | $39 | | 05/2014 | | | | | | |

Status - Pays As Agreed; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account; ADDITIONAL INFORMATION - Credit Card;

| Historical Account Information | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
| 04/14 | $1,216 | $40 | $100 | 4/1/2014 | $1,295 | $1,250 | | Credit Card | |
| 03/14 | $1,205 | $37 | $50 | 3/1/2014 | $1,295 | $1,250 | | Credit Card | |
| 02/14 | $1,219 | $40 | $50 | 2/1/2014 | $1,295 | $1,250 | | Credit Card | |
| 01/14 | $1,196 | $40 | $50 | 1/1/2014 | $1,295 | $1,250 | | Credit Card | |
| 12/13 | $1,217 | $39 | $50 | 12/1/2013 | $1,295 | $1,250 | | Credit Card | |

## Adverse Accounts

**APEX ASSET MANAGEMENT** #3151**** ( PO BOX 7044, 1891 SANTA BARBARA STE204, LANCASTER, PA 17604-7044, (717) 519-1770 )

| | | |
|---|---|---|
| Placed for collection: 12/05/2013 | Balance: $188 | Pay Status: >In Collection< |
| Responsibility: Individual Account | Date Updated: 02/19/2014 | |
| Account Type: Open Account | Original Amount: $188 | |
| Loan Type: COLLECTION AGENCY/ATTORNEY | Original Creditor: MEDICAL-LOURDES CARDIOLOGY SERVICES P (Medical/Health Care) | |
| | Past Due: >$188< | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 04/2020

**ASSET ACCEPTANCE LLC** #12276**** ( PO BOX 1630, WARREN, MI 48090-1630, (800) 545-9931 )

| | | |
|---|---|---|
| Placed for collection: 09/01/2012 | Balance: $5,969 | Pay Status: >In Collection< |
| Responsibility: Individual Account | Date Updated: 05/09/2014 | |
| Account Type: Open Account | Original Amount: $5,422 | |
| Loan Type: FACTORING COMPANY ACCOUNT | Original Creditor: FIA CARD SERVICES N A (Retail) | |
| | Past Due: >$5,969< | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 12/2016

**BANK OF AMERICA** #5490355699915**** ( P O BOX 982235, EL PASO, TX 79998-2235, (800) 655-1491 )

| | | |
|---|---|---|
| Date Opened: 02/11/2008 | Balance: $0 | Pay Status: >Charged Off< |
| Responsibility: Individual Account | Date Updated: 08/28/2012 | Terms: Paid Monthly |
| Account Type: Revolving Account | Payment Received: $0 | Date Closed: 02/02/2010 |
| Loan Type: CREDIT CARD | Last Payment Made: 10/26/2009 | >Maximum Delinquency of 120 days in 04/2010 for $930 and in 05/2010 for $1,145< |
| | High Balance: $5,422 | |
| | Original Charge-off: $5,422 | |
| | Credit Limit: $4,200 | |

Remarks: PURCHASED BY ANOTHER LENDER; >UNPAID BALANCE CHARGED OFF<
Estimated month and year that this item will be removed: 12/2016

| | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X | X | X |

| | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 | 10/2010 | 09/2010 | 08/2010 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | N/R | N/R | N/R | N/R | N/R | N/R |

| | 07/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 | 01/2010 | 12/2009 | 11/2009 | 10/2009 | 09/2009 | 08/2009 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | N/R | C/O | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK |

| | 07/2009 | 06/2009 | 05/2009 | 04/2009 | 03/2009 | 02/2009 | 01/2009 | 12/2008 | 11/2008 | 10/2008 | 09/2008 | 08/2008 | 07/2008 | 06/2008 | 05/2008 | 04/2008 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 03/2008 |
|---|---|
| Rating | OK |

**CAPITAL ONE BANK USA NA** #412174704868**** ( PO BOX 30281, SALT LAKE CITY, UT 84130, (800) 955-7070 )

| | | |
|---|---|---|
| Date Opened: 12/24/1998 | Date Updated: 05/04/2014 | Pay Status: >Charged Off< |
| Responsibility: Individual Account | Last Payment Made: 12/16/2009 | Terms: Paid Monthly |
| Account Type: Revolving Account | Original Charge-off: $3,190 | Date Closed: 09/05/2010 |
| Loan Type: CREDIT CARD | | >Maximum Delinquency of 120 days in 06/2010 and in 07/2010< |

High Balance: High balance of $3,190 from 11/2011 to 05/2014
Credit Limit: Credit limit of $2,700 from 11/2011 to 05/2014
Estimated month and year that this item will be removed: 02/2017

| | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $3,769 | $3,753 | $3,739 | $3,723 | $3,708 | $3,692 | $3,677 | $3,661 | $3,646 | $3,630 | $3,614 | $3,599 |
| Scheduled Payment | | | | | | | | | | | | |
| Amount Paid | | | | | | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Past Due | $3,769 | $3,753 | $3,739 | $3,723 | $3,708 | $3,692 | $3,677 | $3,661 | $3,646 | $3,630 | $3,614 | $3,599 |
| Remarks | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $3,583 | $3,568 | $3,553 | $3,540 | $3,648 | $3,632 | $3,629 | $3,611 | $3,595 | $3,578 | $3,562 | $3,540 |
| Scheduled Payment | | | | | | | | | | | $0 | $0 |
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Past Due | $3,583 | $3,568 | $3,553 | $3,540 | $3,648 | $3,632 | $3,629 | $3,611 | $3,595 | $3,578 | $3,562 | $3,540 |
| Remarks | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL | CBG/PRL |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |